UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRAVIS COLEMAN,

                Plaintiff,

     v.

SNOHOMISH COUNTY SHERIFF, *et al.*,

                Defendants.

Case No. C18-159-RSM-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Travis Coleman has been granted leave to proceed with this action *in forma pauperis*.  Service has not been ordered.  This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has not stated any claim upon which relief may be granted in this action.  This Court therefore recommends that plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DISCUSSION

Plaintiff submitted his civil rights complaint to the Court for filing on February 1, 2018. (*See* Dkt. 1.)  Plaintiff detailed therein his arrest by Snohomish County sheriff's deputies in

REPORT AND RECOMMENDATION - 1

November 2017, and he appeared to claim that the deputies used unnecessary force and made verbal threats in effectuating his arrest. (*See* Dkt.6 at 3-5.) Plaintiff identified only two defendants in his complaint: the Snohomish County Sheriff and Deputy Christopher Simpson. (*See id*. at 1-3.) Plaintiff requested $300,000 in damages. (*Id*. at 6.)

After reviewing plaintiff's complaint, this Court determined that the pleading was deficient and, thus, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend. (Dkt. 7.) In that Order, the Court explained that though plaintiff had identified the Snohomish County Sheriff as a defendant in his complaint, he had not specifically alleged any cause of action against the Sheriff in the statement of his claim. (*Id*. at 3.) The Court noted that it appeared plaintiff may be seeking to have the Sheriff held liable based solely on his supervisory responsibility or position, and that this was not permissible in an action under § 1983. (*Id*.) The Court also explained, as to Deputy Christopher Simpson, that plaintiff had not specifically identified in his complaint the constitutional right(s) he believed may have been violated by Deputy Simpson's conduct, and that the facts alleged in the complaint were not sufficiently clear to demonstrate any entitlement to relief. (*Id*.)

Plaintiff was granted thirty days within which to file an amended complaint correcting the noted deficiencies, and was advised that his failure to do so would result in a recommendation that this action be dismissed. (*Id*. at 3.) Plaintiff was subsequently granted two extensions of time to file his amended complaint and, upon being granted his second extension, was advised that no further extensions would be granted and that his failure to file an amended complaint by the designated date would result in a recommendation that this action be dismissed. (*See* Dkts. 12, 16.) Plaintiff's amended complaint was due not later than August 30, 2018. (*See* Dkts. 16, 18.) To date, plaintiff has filed no amended complaint.

REPORT AND RECOMMENDATION - 2

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to state in his original pleading any claim upon which relief could be granted under § 1983, and because he failed to file an amended pleading correcting the deficiencies identified in the Court's Order declining to serve his original pleading, this action must be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed, without prejudice, under § 1915(e)(2)(B)(ii). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **November 14, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 16, 2018.**

//

//

//

//

//

REPORT AND RECOMMENDATION - 3

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 24th day of October, 2018.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4